COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-022-CR

 

 

EX PARTE DAVEY REGENE KINNETT                                                      

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Davey Regene Kinnett appeals the trial
court=s
revocation of his appeal bond.  Because
we hold that the evidence was sufficient to prove that appellant violated a
condition of the appeal bond, and because we further hold that the trial court
did not abuse its discretion by revoking the bond, we affirm. 








On November 9, 2006, appellant was convicted of
indecency with a child and sentenced to ten years=
confinement.  In accordance with the jury=s
recommendation, the trial court suspended the sentence and placed appellant on
ten years= community supervision.  Appellant was required under the conditions
of community supervision to submit to 180 days=
confinement in the county jail.  On April
26, 2007, the trial court granted appellant=s motion
for bail pending appeal, and it set the appeal bond at $25,000.  One of the conditions of the appeal bond was
that appellant Ashall have no visitation with
his child(ren) without supervision by Yvonne Kinnett or Dewayne Kinnett and in
no event shall any approved visitation exceed 3 hours duration at a frequency
no[t] to exceed three (3) times per month.@[2]  The State filed a motion to revoke the appeal
bond on October 18, 2007, asserting that appellant had violated this condition
by visiting his child without either Yvonne or Dewayne present.








The trial court heard the State=s motion
on December 20, 2007.  Appellant=s trial
and appellate counsel[3]
testified that he met with appellant after appellant bonded out of jail and
told appellant that the condition on visitation contained in the appeal bond
was the same as the condition on visitation contained in the order imposing
conditions of community supervision.[4]
Furthermore, appellant=s probation officer testified
that he met with appellant on May 2, 2007, and went over the conditions of the
appeal bond with appellant, including the condition on visitation.








Yvonne testified that on two separate occasions,
appellant had been accompanied by Dewayne=s wife,
but not by Dewayne himself, when appellant picked up their six-year-old
daughter and took her to Dewayne=s house
for his period of visitation.  Dewayne
agreed that he had not been present on those two occasions when appellant
picked up the child, but he explained that he had arrived home only about
fifteen to thirty minutes after his wife, appellant, and the child had gotten
there.  Dewayne also testified that he
never was told that the visitation was to be supervised by him personally and
that he could not substitute someone in his place; he thought that either he or
his wife could supervise the visitation. 
Dewayne stated that on the two occasions that his wife accompanied
appellant to pick up appellant=s
daughter, that arrangement was made by Dewayne for his own convenience, and not
at the suggestion or urging of appellant.

A trial court may admit a defendant who has been
convicted of a crime to reasonable bail pending appeal of the conviction, until
the conviction becomes final.  Tex. Code Crim. Proc. Ann. art.
44.04(c) (Vernon 2006).  The court may
impose reasonable conditions on bail pending the finality of the
conviction.  Id.  On a finding by the court on a preponderance
of the evidence of a violation of a condition, the court may revoke the
bail.  Id.

Appellant argued at the revocation hearing that
the two times he was accompanied by Dewayne=s wife
to pick up the child did not constitute a violation of the appeal bond
visitation condition because it was an Ainadvertent,
trivial matter@ and was Acertainly
not any type of violation that would have occurred in bad faith.@  Appellant also argued that it would have been
impractical for him to refuse visitation with his daughter based on the mere
fact that Dewayne=s wife, and not Dewayne himself,
would accompany him to pick up his daughter. 
Finally, appellant pointed out that the State had presented no evidence
of any problems arising from Dewayne=s wife=s
accompanying him on the two occasions. 
Nevertheless, the trial court found that appellant had violated the
visitation condition and revoked appellant=s
bail.  








After reviewing the record, we hold that the
evidence before the trial court was amply sufficient to show by a preponderance
of the evidence that appellant violated the condition of the appeal bond
requiring all visitation with his child to be supervised by either Yvonne or
Dewayne.  Accordingly, the trial court
had discretion to revoke appellant=s
bail.  See id.  A trial court=s ruling
abuses its discretion only when it is made without reference to any guiding
rules or principles, so as to render the conclusion ultimately reached so
arbitrary and unreasonable that it falls outside the zone within which
reasonable minds may differ.  See
Montgomery v. State, 810 S.W.2d 372, 380, 391 (Tex. Crim. App. 1990) (op.
on reh=g).  The trial court explained its ruling as
follows:

. . .  [W]hat concerns me and what -- the one thing
I try to stay focused on throughout this is the little girl.

And the order that I had entered and ordered to protect this little
girl from what appeared to have been certainly a problem throughout, but
anyway, the Court=s order has to be clear
and specific.

I don=t know how it could have
been any more clear than it was in this instance.  The Court=s order is not going to have any honor or dignity
or enforceability if it=s left up to others to
interpret.  It=s not going to have any
honor or respectability or enforceability if it=s not followed to a T.

. . . . 

It was very clear who was to be present and who was to do the
monitoring.  This is not a matter that
can be delegated by any individual involved in -- and reordered. 

 








Accordingly, we cannot say that the trial court=s
decision to revoke appellant=s bail
was made without reference to any guiding rules or principles or was so
arbitrary and unreasonable that it falls outside the zone within which
reasonable minds may differ.  See id. at
380, 391.  We hold that the trial court
did not abuse its discretion and affirm the trial court=s order
cancelling appellant=s appeal bond.

 

PER
CURIAM

 

PANEL F:    MCCOY,
HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: March 6, 2008











[1]See Tex. R. App. P. 47.4.





[2]Yvonne Kinnett is
appellant=s ex-wife, and Dewayne
Kinnett is appellant=s brother.





[3]Appellant was appointed
new counsel for the purpose of this hearing on the State=s motion to revoke so
that he could call his original counsel to appear as a witness at the hearing.





[4]The visitation condition
in the order imposing conditions of community supervision provided, ANo visitation shall be
approved without supervision by Yvonne Kinnett or Dewayne Kinnett and in no
event shall any approved visitation exceed 3 hours duration at a frequency not
to exceed three (3) times per calendar month.@  Appellant was specifically made aware of this
condition by the trial court judge at appellant=s November 9, 2006
sentencing hearing.